Freeman, J.,
delivered the opinion of the Court.
Plaintiffs sued defendants for services rendered and money paid out for defendants’ use. There was proof in the case that the account of plaintiffs had been rendered to defendants, and also proof tending to show acquiesence in the correctness of this account, at any rate no objection made to it for a considerable lapse of time.
The court was requested to charge the jury “upon tbe legal effect and presumption of an account ren *28 -dered by one person to another, where it is received and the justice of same not complained of within a reasonable length of time,” which the court refused to do. The facts of the case fairly raised the question suggested in the above request. In such case it is the clear right of the party to have the instruction of the court to the jury upon the law as applicable to the facts, and when such instruction is requested by the party it is error in the court to refuse to give it.
Admissions are, in many cases, implied from the conduct of a party who is interested to • contradict them; and a party may be affected by the statements of others on the ground of implied admission of their ■truth by silent acquiescence, where he had an opportunity to speak, and the circumstances would naturally call for some action or reply on his part. In illustration of the above rules, Mr. Greenleaf says: “Thus, :also, among merchants it is regarded as the allowance of an account rendered, if it is not objected to within ■a reasonable time, or without unnecessary delay.” Secs. 196, 197, and note 2, p. 260; sec. 199. Such admissions, however, are not conclusive, but are to be weighed with other evidence submitted to the jury.
The plaintiffs were entitled, under their request to the court, to a statement of the above rules of law, arising on the facts of the ' case. The refusal of the court to give such instruction was error, for which the case must be reversed, and a new trial had.